IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JERALD OVERTON, | ) | |
| | ) | |
| Plaintiff, | ) | 11-CV-3263 |
| | ) | |
| v. | ) | |
| | ) | |
| SCHUWERK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, was incarcerated in Stateville Correctional Center at the time he filed his complaint. He has since been released on parole. The case is before the Court for a merit review of the complaint pursuant to 28 U.S.C. § 1915A.

### LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is

"frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

On March 19, 2009, Plaintiff and his wife were pulled over by Illinois State Trooper Vahle while traveling on the highway. Vahle told Plaintiff that he was pulled over due to an obstructed of driver's view and other vehicle violations, but Plaintiff denies any vehicle violations existed. He maintains that Vahle pulled him over because Vahle was "racially profiling."

During the traffic stop, Plaintiff admitted to Vahle that Plaintiff may have an old, outstanding warrant for his arrest. Vahle verified that

3

this was true and took Plaintiff into custody, placing him in the patrol car.  Other officers arrived at the scene (Defendants Cook, Schuwerk, Douglas, and Roll).

Plaintiff refused Vahle's request for consent to search the vehicle.  Officer Vahle ordered Plaintiff's wife to exit the vehicle.  Defendants then searched Plaintiff's vehicle, without a warrant and without consent, damaging the vehicle and some property, and leaving the property in a disheveled state.  A pistol was found in the glove compartment during the search.  Plaintiff and his wife were then taken to jail.

Fearing for his wife, Plaintiff confessed to the charge of unlawful possession of a weapon.  Despite his confession, Plaintiff's wife was still charged with unlawful possession and not allowed to leave until she had posted bond.

Officer Vahle allegedly applied for a search warrant to again search the vehicle.  He allegedly made knowingly false statements on the affidavit in order to obtain the search warrant.  Vahle was also reportedly seen driving Plaintiff's car about town.

The day after her arrest, Plaintiff's wife went to Allen's Tire Shop to pick up the vehicle. She paid the owners of the shop $125.00 for towing, even though she knew the car had not been towed. She noticed the gas tank had dwindled from 3/4 to 1/4 full. When she retrieved the vehicle, she observed further damage on both the inside and the outside of the vehicle.

ANALYSIS

Plaintiff states arguable Fourth Amendment claims for unreasonable search and seizure based on the alleged lack of probable cause to pull the car over, the search of the vehicle without a warrant, and the seizure the vehicle without a warrant. Whether probable cause existed for the stop, warrantless search, or seizure must be determined on a more developed record. *See, e.g.,* Carmichael v. Village of Palatine, 605 F.3d 451 (7th Cir. 2010)(probable cause exists for stop if traffic violation observed); Schor v. City of Chicago, 576 F.3d 775, 779 (7th Cir. 2009)("If the police officer has an objectively reasonable basis to believe that a traffic law has been violated, then he or she has probable cause to

make a traffic stop."); Thornton v. U.S., 541 U.S. 615 (2004)(passenger compartment may be searched after arrest of vehicle's passenger). Additionally, the alleged destructive manner in which the search was conducted arguably states an independent Fourth Amendment violation. Soldal v. Cook County, Illinois, 506 U.S. 56, 61 (1992)(removal of and damage to mobile home amounted to seizure).[1]  Plaintiff may also state a Fourth Amendment claim based on the alleged intentionally false statements made to procure the search warrant.[2]  *See* Lawson v. Veruchi, 637 F.3d 699, 704 (7th Cir. 2011)(officer may not submit affidavit containing knowingly false statements).

Additionally, whether Plaintiff was pulled over because of his race states an equal protection claim and deserves further development. Whren v. United States, 517 U.S. 806, 813 (1996)("[T]he Constitution prohibits selective enforcement of the law based on considerations such

---

[1] Plaintiff's claims may be barred by the Illinois two-year statute of limitations, but that determination would be premature.  See 735 ILCS 5/13-202; *see also* Lucien v. Jockisch, 133 F. 3d 464, 466 (7th Cir. 1998).

[2] The car had already been searched; the grounds for an additional search are unclear.

as race . . . .").

Plaintiff cannot bring claims on behalf of his wife for the alleged constitutional violations she suffered. Additionally, Plaintiff states no federal claims against the tire shop or its owners. They did not search Plaintiff's car, nor were they responsible for seizing the car. Kuhn v. Goodlaw, — F.3d. —, 2012 WL 1522012 *3 (7th Cir. 2012)("§ 1983 liability is premised on the wrongdoer's personal responsibility"). They were also not "state actors," which is required under 42 U.S.C. § 1983. Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010)(Section1983 applies to constitutional violations by a person acting "under color of state law."). If the shop wrongfully charged Plaintiff, that might create some sort of state law claim against the shop, but the claim would be unrelated to the federal claims proceeding in this case and would involve different defendants. Thus, the Court could not take supplemental jurisdiction of the state claims against the shop. Lastly, the Court is unaware of any constitutional claim for the "illegal chain of custody" of Plaintiff's vehicle. This claim seems a duplicate of the Fourth Amendment claims

already proceeding. Accordingly, at this point this case will proceed only against the police officers on Plaintiff's Fourth Amendment and equal protection claims.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states Fourth Amendment and equal protection claims against Defendants Schuwerk, Vahle, Douglas, Cook, and Roll. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Defendant Allen Tire Shop and its owners (Rich and Greg) are dismissed for failure to state a federal claim against them.

3) The Clerk is directed to send to each remaining Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

4) If a Defendant fails to sign and return a Waiver of Service to the

Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7) After defense counsel has appeared, Plaintiff shall serve upon

defense counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on July 9, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough, by personal appearance.

10)  Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) The Clerk is to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a

signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED: May 14, 2012

FOR THE COURT:

                                                           <u>s/Sue E. Myerscough</u>
                                                   SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE