E-FILED
Friday, 06 September, 2013  12:09:53 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION


| | | |
|---|---|---|
| JERALD OVERTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-CV-3263 |
| | ) | |
| SCHUWERK, et al., | ) | |
| Defendants. | ) | |

OPINION

Plaintiff pursues constitutional claims arising from a traffic stop and subsequent searches of Plaintiff's vehicle in March 2009.

Defendants move for summary judgment, in part on the grounds that the two-year statute of limitations bars Plaintiff's claims.  Woods v. Illinois Dept. of Children and Family Serv., 710 F.3d 762, 768 (7th Cir. 2013)("To sum up, we reiterate our holding that the limitations period applicable to all § 1983 claims brought in Illinois is two years, . . . .").

The alleged constitutional violations occurred on or a few days after March 19, 2009.  Plaintiff's complaint was not received by the Clerk until August 1, 2011, more than four months after the two-year statute of limitations passed.

Plaintiff states in his response that "Plaintiff signed and released to the prison officials on march 16, 2011, the above complaint . . . ."  (Pl.'s Resp., d/e 33, p. 1, ¶ 1.)  He argues that "[t]his action was filed in a timely manner and plaintiff had no authority as to when I.D.O.C. and their mailing system as well as the amount of time it took for the forwarding of my mail due to constant internal prison transfers."  Id. ¶ 4.

Filings by pro se prisoners are generally deemed to be filed when they are delivered to prison officials for mailing to the clerk. Edwards v. U.S., 266 F.3d 756, 758 (7th Cir. 2001).  However, Plaintiff's statements in his response, which are not made under penalty of perjury, do not quite say that Plaintiff actually sent his complaint for mailing to the clerk on March 16, 2011.  The Court does not understand what Plaintiff means when he says he "released" his complaint to officials on March 16, 2009.  Did Plaintiff put the complaint in an envelope addressed to the clerk and use the proper prison procedures to have the complaint mailed, such as paying the necessary postage?

The docket suggests that, though Plaintiff signed his complaint on March 16, 2011, Plaintiff actually sent the complaint

for mailing on or after July 15, 2011, along with his petition to proceed in forma pauperis and trust fund ledgers.  On August 1, 2011, the Clerk received Plaintiff's complaint, petition to proceed in forma pauperis, and Plaintiff's trust fund ledgers.  Plaintiff's signature on his petition to proceed in forma pauperis is dated July 15, 2011.  Plaintiff's trust fund ledgers cover the time period from June 12, 2009 through June 21, 2011; these ledgers could not have been created before June 21, 2011.  In short, Plaintiff appears to have held on to the complaint and mailed everything in together sometime after July 15, 2011.

However, the Court will wait to rule on the issue until the record is more fully developed.  Defendants' motion for summary judgment will be denied with leave to renew upon providing additional information.

IT IS ORDERED:

1)  Defendants' motion for summary judgment is denied (d/e 30).

2)  By October 7, 2013, Defendants are directed to file a renewed summary judgment motion which includes, in addition to the information provided in their original summary judgment,

information on the following issues:  1) Plaintiff's prison transfer history from April 1, 2011 to August 31, 2011; 2) the procedures in place from March 1, 2011 through August 1, 2011 for Plaintiff to mail his complaint to the clerk; 3) records from March 1, 2011 through August 15, 2011, showing Plaintiff's outgoing mail during that time, if any such records exist.  Defendants are also directed to file a complete copy of Plaintiff's deposition with the renewed motion for summary judgment.

3)  Plaintiff's response to the renewed summary judgment is due November 7, 2013.  Plaintiff's response must detail the steps Plaintiff took to mail his complaint and be signed and sworn under oath pursuant to 28 U.S.C. § 1746:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on _____ (insert date)_____."

ENTERED:  9/6/2013

FOR THE COURT:

_____ **s/Sue E. Myerscough**_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE